**WO**

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Adam Paul Blomdahl, | No. CV-23-02390-PHX-MTL |
| Petitioner, | **ORDER** |
| v. | |
| Ryan Thornell, et al., | |
| Respondents. | |

Petitioner Adam Paul Blomdahl ("Petitioner") was convicted in Maricopa County Superior Court of one count of first-degree murder and two counts of aggravated assault with a deadly weapon. (Doc. 10 at 1-2.) He is currently serving a sentence of life imprisonment for the murder conviction and two consecutive twelve-year terms for the aggravated assault convictions. (*Id.*)

On November 14, 2023, Petitioner submitted his Petition for Writ of Habeas Corpus (the "Petition") with this Court. (Doc. 1.) Magistrate Judge Deborah M. Fine issued a Report and Recommendation ("R&R"), recommending the Petition be dismissed without prejudice and that a certificate of appealability be granted. (Doc. 34.) Petitioner filed his Objections to the R&R. (Doc. 35.) The Court now rules.

## I.    BACKGROUND

The R&R recounts the factual and procedural history of this case, including the underlying state court proceedings. (Doc. 34 at 3-9.) Neither party has objected to this portion of the R&R, and the Court hereby accepts and adopts it. *United States v. Ramos*,

65 F.4th 427, 433 (9th Cir. 2023) (citing *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc)).

Petitioner raises four grounds for relief in his Petition. (Doc. 1.) The R&R summarized the Petition as claiming:

> (1) his Sixth and Fourteenth Amendment rights to "effective assistance and due process [were] violated, preventing [him] from presenting all of his causation evidence in [his] defense";
>
> (2) his Sixth and Fourteenth Amendment rights to "effective assistance and due process [were] violated[,] preventing [him] from rec[ei]ving a fair trial" and "excessive bond [was] imposed, while the State used this as a tactical advantage";
>
> (3) his First and Fourth Amendment rights "to court access and to be secure in his person, papers & effects [were] violated by an implicated Phoenix P.D., false reporting and illegal warrants"; and
>
> (4) his Second and Fifth Amendment rights of "freedom to bear arms and to be secure in his property and without it [being] taken unless w[ith] just compensation" were violated because "[t]he State gave a jury instruction about (possession) when [Petitioner] was not a prohibited possessor & should have given a Willits instruction."

(Doc. 34 at 2 (citing Doc. 10 at 2).)

The R&R ultimately determined that Petitioner's claims are unexhausted because Petitioner has ongoing post-conviction relief ("PCR") proceedings in state court and recommends that the Petition be dismissed without prejudice. (Doc. 34 at 19.) The R&R summarized the "unusual PCR procedural history and posture" as follows:

> Petitioner's first PCR proceedings were timely filed, but his appointed counsel misunderstood the procedural posture or applicable law and moved for dismissal without prejudice of the PCR proceedings pending Petitioner's restitution appeal after his direct appeal was completed. Based on such, the superior court dismissed the PCR proceedings without prejudice with leave to refile within thirty days after the conclusion of the pending appeal. Petitioner then refiled within thirty days after the conclusion of the pending appeal, but his then still-appointed PCR counsel did not act. Two different judges of the superior court issued separate and different rulings based on Petitioner's post-appeal filings, one dismissing the PCR proceedings, and the other appointing different counsel and setting a PCR proceedings briefing schedule. The latter PCR proceedings are still pending and the scope of such are unclear.

(*Id.* at 17-18.) Petitioner's appointed counsel for the pending PCR proceedings acknowledged that "Petitioner should be entitled to assert his claims as to the mandate in the restitution appeal and as to claims brought under Rule 32.1(a), 32.1(d), 321.1(e) [sic], 32.1(g) and 32.1(h)." (*Id.* at 9 (quoting Doc. 25-1 at 9).) And Petitioner expressed an intention to raise all claims relating to his convictions and restitution appeal in his *pro se* PCR petition. (*Id.* (citing Doc. 28).) The deadline for filing his *pro se* PCR petition, however, was pending when Magistrate Judge Fine issued the R&R. (*Id.*)

Given this unusual procedural posture, the R&R found "Petitioner did not or has not yet properly exhausted his habeas claims in the Arizona Court of Appeals in a procedurally appropriate manner," which is either by "direct appeal or in petitioning for review of denial/dismissal of PCR proceedings." (*Id.* at 16.) The R&R recommends that the Petition be dismissed without prejudice rather than stayed because Petitioner "has not established good cause for his failure to exhaust" to warrant a stay. (*Id.* at 18.)

Petitioner raises one principal objection to the R&R: that he has "a freestanding claim for actual innocence," and the claim is supported by "new reliable evidence." (Doc. 35 at 1.) Petitioner also filed a Motion for Telephonic Hearing regarding his actual innocence claim. (Doc. 36.) No response has been received.

## II.    LEGAL STANDARD

### A.    Standard of Review

In reviewing an R&R, the Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). "[T]he district judge must review the magistrate judge's findings and recommendations de novo *if objection is made*, but not otherwise." *Ramos*, 65 F.4th at 433 (citing *Reyna-Tapia*, 328 F.3d at 1121) (emphasis in original); *see also Thomas v. Arn*, 474 U.S. 140, 149 (1985) (finding that district courts need not conduct "any review at all . . . of any issue that is not the subject of an objection").

### B.    Exhaustion

Petitioner's habeas claims are governed by the Antiterrorism and Effective Death

Penalty Act of 1996 ("AEDPA"), which requires petitioners to exhaust the remedies available in state court before pursuing relief in federal court. 28 U.S.C. § 2254(b)(1)(A). "[T]he exhaustion doctrine is designed to give the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal courts." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999).

A petitioner has not exhausted a claim "if he has the right under the law of the State to raise, by any available procedure, the question presented" in state court. *Johnson v. Zenon*, 88 F.3d 828, 829 (9th Cir. 1996) (citing 28 U.S.C. § 2254(c)); *see also Kipp v. Davis*, 971 F.3d 939, 947 n.4 (9th Cir. 2020). "A petitioner satisfie[s] the exhaustion requirement if: (1) he has fairly presented his federal claim to the highest state court with jurisdiction to consider it, or (2) he demonstrates that no state remedy remains available." *Johnson*, 88 F.3d at 829 (cleaned up). "Exhaustion demands more than drive-by citation, detached from any articulation of an underlying federal legal theory." *Castillo v. McFadden*, 399 F.3d 993, 1003 (9th Cir. 2005).

For non-capital cases in Arizona, a habeas petitioner presents his claim to the highest court by presenting it to the Arizona Court of Appeals in a direct appeal or through post-conviction relief. *See Kyzar v. Ryan*, 780 F.3d 940, 947 (9th Cir. 2015) (citing *Swoopes v. Sublett*, 196 F.3d 1008, 1010 (9th Cir. 1999) (per curiam)). To properly present claims before the Arizona Court of Appeals, the petitioner must include a description of "the operative facts and the federal legal theory on which his claim is based so that the state courts have a fair opportunity to apply controlling legal principles to the facts bearing upon his constitutional claim." *Walden v. Shinn*, 990 F.3d 1183, 1196 (9th Cir. 2021) (quoting *Davis v. Silva*, 511 F.3d 1005, 1009 (9th Cir. 2008)).

## III.   DISCUSSION

### A.   Actual Innocence

The only objection Petitioner raises to the R&R is that he has "a freestanding claim for actual innocence," supported by "new reliable evidence." (Doc. 35 at 1.) Petitioner appears to argue that he was not the cause of the victim's death and opines that "during his

trial, the [medical examiner] lied and said the cause of death of [the victim] was due to injuries, when there was not a brain death diagnoses, but new evidence proves the omitted organ donation was the actual cause." (*Id.* at 3.) According to Petitioner, medical staff misled the victim's 75-year-old mother, "telling her that 'her daughter was braindead,'" but if the jury knew "the medical condition info that was used to get [the victim's] mom to donate her daughter['s] organs, whereby removing life support and causing death, than [sic] there would be no way a reasonable juror would find [Petitioner] guilty of murder." (*Id.* at 3, 5.) Petitioner requests a certificate of innocence. (*Id.* at 2.) He also asks the Court to order an evidentiary hearing or alternatively, to stay this case pending the outcome of his PCR proceedings in state court. (*Id.*)

Petitioner's singular objection is merely a reiteration of his causation arguments in Ground I of his Petition. (*See* Doc. 1 at 6.) Petitioner does not refute the R&R's finding that Petitioner has not exhausted the remedies available in state court, as required under AEDPA. *See* 28 U.S.C. § 2254(b)(1)(A). Nor has Petitioner argued that no state remedy is available. *Johnson*, 88 F.3d at 829. The record of Petitioner's ongoing PCR proceedings is not before this Court, and as a result, it remains unclear what claims the state court has or will allow the Petitioner to raise in his *pro se* petition, including Petitioner's freestanding actual innocence claim. Because Petitioner raises no other objection to the R&R, the Court will adopt the R&R's finding that Petitioner's claims are not exhausted, and therefore, will dismiss the Petition without prejudice. *Martineau v. Elliot*, No. CV-08-1214-PHX-SMM (JRI), 2008 WL 3582811, at *1 (D. Ariz. Aug. 13, 2008) (dismissing habeas petition as premature when the petitioner presently had a Rule-32 petition pending in the Maricopa County Superior Court).

### B. Certificate of Appealability

The R&R recommends issuing a certificate of appealability because "[r]easonable jurists may find it debatable as to whether the matter should be dismissed, particularly without prejudice and rather than stayed." (Doc. 34 at 19.)

A certificate of appealability may issue only if the applicant makes a substantial

showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). The petitioner must show that reasonable jurists would find it debatable whether: (1) the petition states a valid claim of the denial of a constitutional right, and (2) the district court was correct in any procedural ruling. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Petitioner has not made a substantial showing that his constitutional rights have been denied, nor has Petitioner argued that reasonable jurists would debate whether a dismissal without prejudice versus a stay is procedurally proper. The R&R found that "Petitioner is not entitled to a *Rhines* stay because Petitioner has not established good cause for his failure to exhaust." (Doc. 34 at 18.) Petitioner raises no good cause arguments in his Objections. Therefore, reasonable jurists could not debate whether the Petition should have been resolved by a stay and abeyance as opposed to a dismissal without prejudice. Given the unclear scope of the pending PCR proceedings in state court, the Petition is premature for failure to exhaust. A dismissal without prejudice is appropriate as Petitioner can refile his Petition once his remedies available in state court have been exhausted. *Slack*, 529 U.S. at 487 (2000) (holding that a petition filed after a petition has been dismissed for failure to exhaust before the district court adjudicated any claims is not a second or successive petition). Therefore, the Court will modify the R&R in part and deny the issuance of a certificate of appealability.

## IV.    MOTION FOR HEARING

Petitioner also asks this Court for a telephonic hearing regarding his actual innocence claim. (Doc. 36.) The Court does not find good cause to order a telephonic or other hearing at this time. Petitioner's arguments are clear from his briefs, and a hearing would not aid the Court in resolution of the R&R. The Court will deny Petitioner's Motion. *See* Fed. R. Civ. P. 78(b); LRCiv 7.2(f).

## V.    CONCLUSION

Accordingly,

**IT IS ORDERED** that Petitioner's Motion for Hearing (Doc. 36) is denied.

**IT IS FURTHER ORDERED** that the R&R (Doc. 34) is accepted in part and

1  modified in part as provided in this Order.

2      **IT IS FURTHER ORDERED** that the Petition (Doc. 1) is dismissed without

3  prejudice.

4      **IT IS FINALLY ORDERED** denying the issuance of a certificate of appealability

5  and leave to proceed in forma pauperis on appeal because Petitioner has not demonstrated

6  that reasonable jurists could find the ruling debatable or conclude that the issues presented

7  are adequate to deserve encouragement to proceed further. *See Neiss v. Bludworth*, 114

8  F.4th 1038, 1046-47 n.1 (9th Cir. 2024) (citing *Miller-El v. Cockrell*, 537 U.S. 322, 336

9  (2003)); 28 U.S.C. § 2253(c).

10     Dated this 18th day of December, 2024.

Michael T. Liburdi
United States District Judge